UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MANALISAY,<br><br>        Plaintiff,<br><br>    v.<br><br>BOYDINE HALL, et al.,<br><br>        Defendants. | Case No. 22-cv-04701-VC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Re: Dkt. No. 1 |

      The complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To the extent that Manalisay is basing his section 1983 action on allegations of criminal misconduct, he has failed to state a cognizable legal theory. Violations of criminal laws will rarely provide a basis for a civil suit under section 1983. *See Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003). To seek redress under section 1983 for a violation of a federal statute, the federal statute must create a private right of action. *Gonzaga University v. Doe*, 536 U.S. 273, 286 (2002).

      To the extent that Manalisay is basing his action on alleged due process violations, he has failed to plead sufficient facts to plausibly state a claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

      Dismissal is with leave to amend. If Manalisay chooses to file an amended complaint, he should not assume the Court's familiarity with any previous proceedings before other courts or administrative actors. Any amended complaint should be limited to a plain description of the events giving rise to this action in the order they occurred, each defendant's title and role in those events, and the rights that Manalisay believes were violated as a result. If no amended complaint

is filed within 21 days of this order, dismissal will be with prejudice.

**IT IS SO ORDERED.**

Dated: September 29, 2022

_____
VINCE CHHABRIA
United States District Judge